UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **HAYLEY SKELTON and TYLER SKELTON,**<br><br>      Plaintiffs,<br>vs.<br><br>**ACTION TRADERS, LTD d/b/a INFINITY CYCLE WORKS, LTD, and COSTCO WHOLESALE CORPORATION,**<br><br>      Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

COMES NOW the Plaintiffs, EVERARD HAYLEY SKELTON and TYLER SKELTON, by and through their undersigned counsel of record, and files this Complaint against the above-named Defendants and show this Honorable Court as follows:

### I. PARTIES

1. Everard Hayley Skelton ("Hayley Skelton") is a resident of the State of Georgia and is the proper party to bring a claim for her personal injuries.

2. Tyler Skelton is a resident of the State of Georgia, is the lawful spouse of Hayley Skelton, and thus is the proper party to bring his claim for loss of consortium.

3. Defendant ACTION TRADERS, LTD. d/b/a INFINITY CYCLE WORKS LTD, ("ACTION TRADERS") is a Canadian corporation doing business in Georgia that is subject to the jurisdiction and venue of this Court. Defendant ACTION TRADERS may be served at its registered office at **19th Floor, 885 West Georgia Street, Vancouver BC V6C 3H4, Canada**. Once served, Defendant ACTION TRADERS will be subject to the jurisdiction and venue of this Court.

4. Defendant COSTCO WHOLESALE CORPORATION, ("COSTCO") is a Washington corporation registered to do business in the State of Georgia. Service may be perfected upon Defendant COSTCO by serving its registered agent, **CT Corporation System**, at its registered address, **289 S Culver St, Lawrenceville, Gwinnett County, Georgia 30046.**

5. Jurisdiction is proper under 29 USC § 1332(a)(3) in that the amount in controversy exceeds $75,000 and is between citizens of different states and a corporation residing in a foreign state.

6. Venue is proper in this Court under 28 USC § 1391(b)(2) as a substantial part of the events in question occurred in the Northern District of Georgia.

## II. FACTS

On information and belief, Plaintiffs allege the following facts:

7. On May 19, 2018, Plaintiff Hayley Skelton purchased a Boss.three Ladies bicycle ("bike") at a COSTCO facility located at Cumberland Mall in Cobb County, Georgia.

8. The Defendants actively designed, manufactured, marketed, distributed, collaborated and sold the bike in question through COSTCO facilities nationwide.

9. On May 20, 2018, Plaintiff Hayley Skelton, wearing an appropriate helmet, rode the bike in question on the Proctor Creek Greenway in Fulton County.

10. While she was riding the bike on the day after it was purchased, a front fender screw failed, resulting in the front fender bracket becoming detached from the fender and suddenly locking up the front wheel.

11. The front fender of the bike was preassembled at the time of purchase.

12. As a result of the front wheel becoming locked in place, Plaintiff Hayley Skelton was thrown to the ground and suffered serious injuries.

13. Plaintiff Hayley Skelton was transported by ambulance to a hospital and has subsequently undergone surgery and additional medical treatment as a result of her injuries.

### III. CAUSES OF ACTION

#### A.     Strict Products Liability

14. Plaintiffs incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

15. The Defendants are strictly liable in tort under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Hayley Skelton because the risks inherent in the design of the bike outweighed any utility of the chosen design, thereby rendering the bike defective, unreasonably dangerous and not reasonably suited to the use for which it was intended.

16. The Defendants are strictly liable in tort to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Hayley

Skelton by failing to properly manufacture and assemble the bike in accordance with its design.

17. This bike was defective and unreasonably dangerous when distributed and sold by Defendants and at the time of its first sale, it was not merchantable and was not reasonably suited for the use for which the product was intended.

18. Those defects existing at the time of sale include, but are not limited to, the following;

(a) The absence of adequate, conspicuous warnings to owners and users of the dangerous characteristics and properties of the product;

(b) The failure to properly test the Bike in order to determine tendency to fail in certain foreseeable circumstances;

(c) The negligent failure to recall the Bike and similarly designed products;

(d) The defective design of the bike; and

(e) The defective assembly of the bike.

19. As a direct and proximate result of the foregoing defects, the Boss.three Ladies bicycle front wheel locked up on May 20, 2018, resulting in Plaintiff Hayley Skelton being injured and requiring

medical care and treatment, and her spouse suffering a loss of society and companionship.

### B. Breach of Warranty

20. Plaintiffs incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

21. Prior to and including May 19, 2018, Defendants expressly and impliedly warranted and represented that the subject Boss.three Ladies bicycle, including its instructions and warnings, was of merchantable quality, fit and safe for the purpose for which it was manufactured, inspected, tested, sold, intended and used, and said Defendants further expressly and/or impliedly warranted that the subject Boss.three Ladies bicycle was free from defects.

22. That at the time the said Boss.three Ladies bicycle was sold and delivered through and including May 19, 2018, Defendants breached said warranties in that the subject Boss.three Ladies bicycle was not of merchantable quality, fit and safe for the purpose for which it was manufactured, inspected, tested, sold, serviced, intended and used, and further was not free from defects.

23. That the Plaintiff Hayley Skelton, by way of her payment for said Boss.three Ladies bicycle, was a beneficiary of the warranties extended by the Defendants.

24. That the Plaintiff Hayley Skelton, by way of her being a cyclist who operated the subject Boss.three Ladies bicycle, was a beneficiary of the warranties extended by the Defendants.

25. That the Plaintiff Hayley Skelton, by way of her being a family member and/or a resident of the household of the purchaser of the subject Boss.three Ladies bicycle, was a beneficiary of the warranties extended by the Defendants.

26. That as a direct and proximate result of the foregoing breach of warranties, the Boss.three Ladies bicycle frame locked up the front wheel on May 20, 2018, resulting in Plaintiff Hayley Skelton being injured and requiring medical care and treatment, and her spouse suffering a loss of society and companionship.

### C.     Negligence

27. Plaintiffs incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

28. Defendants had a duty to exercise reasonable care in one or more of the following: manufacturing, marketing, promoting, selling, testing, and distributing Boss.three Ladies bicycles. Defendants were negligent in their manufacturing, marketing, promoting, selling, testing, and distributing of Boss.three Ladies bicycles.

29. The negligence of Defendants was a proximate cause of Plaintiffs' harm and the injuries that Plaintiffs have suffered and will continue to suffer as previously described.

### D. Failure to Warn

30. Plaintiffs incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

31. The Defendants owed a duty to warn, a duty to adequately warn the public, and a continuing duty to warn the public of dangers associated with the design, use and operation of its products.

32. Prior to designing, manufacturing, marketing, distributing, testing, selling, and placing the bike into the stream of commerce and at all other times pertinent herein to the present day, the Defendants were aware of the dangerous and defective design of the bike.

33. The Defendants were aware that the bike was defective and would suffer a mechanical failure that would lead to severe injuries that were reasonably foreseeable.

34. Despite this knowledge, the Defendants failed to warn and to adequately warn the public of the dangers associated with the bike.

35. As a direct and proximate result of the Defendants' actions, Hayley Skelton was seriously injured and suffered damages.

## IV. DAMAGES

36. Plaintiffs incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

37. As a result of the defective manufacturing, assembly, marketing, promoting, selling, testing, and distributing of Boss.three Ladies bicycle as manufactured, assembled, tested, distributed, promoted, marketed, sold, and/or supplied by Defendants, Plaintiffs have suffered, sustained, and incurred and will continue to suffer, sustain, and incur damages as described below, among others.

38. As a result of the general negligence, carelessness, other wrongdoing, and tortious action(s) of all Defendants described herein, Plaintiffs

have suffered, sustained, and incurred and will continue to suffer, sustain, and incur damages as described below, among others.

39. Plaintiff Hayley Skelton was required to incur reasonable and necessary medical care and has incurred medical expenses in the past in the amount of $89,493.85.

40. Plaintiff Hayley Skelton endured physical and mental pain and suffering, physical disfigurement, physical disability, and mental anguish.

41. With reasonable medical probability, Plaintiff Hayley Skelton will suffer physical pain and mental suffering into the future, and will likely have additional medical expenses.

42. Plaintiff Tyler Skelton has suffered a loss of the companionship, services and consortium of his spouse, Hayley Skelton.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray and demands as follows:

(a) That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer the Complaint;

(b) That service be had upon the Defendants as provided by law;

(c) That the Court award and enter a judgment in favor of Plaintiffs and

against Defendants for general and special damages in an amount to be proven at trial;

(d)	That all costs of this action be taxed against Defendants; and

(e)	That the Plaintiff has such other and further relief as the Court may deem just and proper.

This 20th day of June, 2019.


**Kaufman Law, P.C.**
100 Galleria Parkway, SE				*/s/ Mark L. Stuckey*
Suite 1100						Mark L. Stuckey
Atlanta, Georgia 30339				Georgia Bar No. 271020
(404) 355-4000					*Attorney for Plaintiffs*
ms@kaufmanlawfirm.com