## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HAYLEY SKELTON and TYLER
SKELTON,

        Plaintiffs,

v.

ACTION TRADERS, LTD.; COSTCO
WHOLESALE CORPORATION;
INFINITÉ CYCLE WORKS, LTD.;
TIANJIN GOLDEN WHEEL X-D
BICYCLE CO. LTD.; and
HANGZHOU JOY KIE IND. &
TRAD. CO. LTD.

        Defendants.

CIVIL ACTION NO.:
1:19-cv-02825-JPB

## CONSOLIDATED JOINT DISCOVERY DISPUTE STATEMENT

COME NOW, Plaintiffs Hayley Skelton and Tyler Skelton ("Plaintiffs") and

Defendants Action Traders, Ltd., Costco Wholesale Corporation, Infinité Cycle

Works, Ltd. (collectively, the "Domestic Defendants"), by and through counsel,

pursuant to the Court's Standing Order Regarding Civil Litigation for Cases

Proceeding Before the Honorable J. P. Boulee, ¶ J(vii), and hereby file their

Consolidated Joint Discovery Dispute Statement, showing the Court as follows:

**1.**      **Introduction and Relevant Factual Background**

This litigation concerns an alleged May 20, 2018, bicycle accident involving

an Infinity Cycle Works brand Boss.three Ladies bicycle. (Doc. 43, ¶ 10, 15).

Plaintiffs' causes of action include strict products liability under O.C.G.A. § 51-1-

11, breach of express and implied warranties, negligence, and failure to warn. (*See Id.*). Specifically, Plaintiffs allege that the accident occurred when "a front fender screw failed, resulting in the front fender bracket becoming detached from the fender and suddenly locking up the front wheel." *Id.*, ¶ 13.

Pursuant to the Courts' January 26, 2022, Order, the parties exchanged expert reports and completed expert depositions in February and March 2022. (*See* January 26, 2022, Text Order). After physically inspecting the bicycle on March 3, 2022, the Domestic Defendants' expert concluded in his March 9, 2022, report that the subject bicycle and the parts at issue in this case were in a different position that what was shown in post-accident claim photographs submitted by Plaintiffs in June 2018.[1] Namely, these changed parts included the front wheel, the front wheel's quick release lever, and front fender bracket (i.e. the fender stay).

All three expert inspections (one presuit; two postsuit) were conducted on the bicycle in its allegedly changed condition. Plaintiffs' expert's rebuttal report, dated March 23, 2022, initially disputed the Domestic Defendants' expert's conclusions that the bicycle had been changed since the accident occurred. However, during the subsequent rebuttal deposition, taken March 31, 2022, Plaintiffs' expert conceded

---

[1] The Domestic Defendants' expert also concluded that Plaintiffs' photographs from June 2018 showed the bicycle's parts in a different position that what was observed by his colleague during a pre-suit March 22, 2019, inspection.

that the quick release lever was on the opposite side from where it was seen in Plaintiffs' June 2018 photographs.[2]

## 2.    Motion for Sanctions Due to Spoliation of Evidence

### A)    Plaintiffs' Position

Even though federal law governs the imposition of spoliation sanctions in a diversity case, it is "informed" by Georgia law. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). The first consideration in a spoliation analysis is whether any actual prejudice exists. *Bridgestone/Firestone N. Am. Tire, LLC v. Campbell,* 258 Ga. App. 767, 768–769, 574 S.E.2d 923, 926 (2002)(listing factors for a trial court to consider). The classic Georgia case addressing spoliation involved electrical components that allegedly caused a fire. After the defense expert removed the electrical components and tested them, said defense expert then destroyed the components a few days after suit was filed. The Court of Appeals found that the plaintiff had been prejudiced but remanded the case back to the trial court for a determination of "good or bad faith, whether it should have made appropriate arrangements to prevent the destruction until a reasonable period of time after it filed

---

[2] The parties completed a good faith conference pursuant regarding the Domestic Defendants' intention to seek sanctions for spoliation of evidence on April 7, 2022, but failed to reach an agreement.

suit, and whether the prejudice to Chapman can be cured." *Chapman v. Auto Owners Ins. Co*., 220 Ga. App. 539, 543, 469 S.E.2d 783, 786 (1996).

In this case, the alleged spoliation has caused no prejudice to the Defendants. Defendant's expert Garrick Mitchell testified that he had no trouble determining that a foreign object caused the crash in question, stating "The physical evidence is unmistakable."

Additionally, Plaintiff's expert John Schubert examined the bike in February 2022 in the same condition as it was when defense expert Garrick Mitchell examined the bike in March 2022 – and when it was initially inspected by Defendants' pre-suit expert Michael Lamb in March 2019. All three experts examined the bike in the same condition and formed their opinions based upon the same set of facts, unlike in the *Chapman* case. No advantage was gained to Plaintiffs by the alleged change in condition of the bicycle.

Finally, another factor to consider is whether bad faith exists. At the time of the initial defense expert inspection in March 2019 that occurred before Plaintiffs hired a lawyer, the alleged changes had already occurred. Any alleged changes occurred while the bike was sitting in the Plaintiffs' home garage and prior to their hiring of counsel (and thus prior to any consideration of litigation). This fact is in

sharp contrast to the facts of *Chapman,* in which the defense spoliation occurred shortly after suit had been filed.

B)    Domestic Defendants' Position

It is undisputed that the subject bicycle was returned to Plaintiffs on the night of the accident and that it has been in their possession or the possession of their counsel since. It is likewise undisputed that Plaintiffs submitted the photograph as part of their pre-suit claim in June 2018 showing the bicycle in a different condition. Further, the parties' experts both now agree that this photograph submitted by Plaintiffs shows the bicycle in a different condition from what was observed in in the Domestic Defendants' March 2019 and March 2022 inspections. Specifically, Plaintiffs' photographs shows each of the bicycle's front wheel, front wheel quick release, and front fender stay all being flipped in the opposite direction from how they were at the time the Domestic Defendants' were provided with an opportunity to inspect the bicycle. For such changes to have occurred, each part and their corresponding attachment hardware had to be physically removed from the bicycle then reattached in the opposite direction before the Domestic Defendants completed any inspection.

Significantly, given Plaintiffs are alleging the front fender stay locked up the front wheel of the bicycle and that a foreign object entanglement did not cause the

alleged accident, the specific bicycle parts that were manipulated are all directly involved in Plaintiff's alleged mechanism of the alleged accident. Despite Plaintiffs claims, the Domestic Defendants' expert observed scratches on the front wheel's spokes and significant bending in the front fender stay during his inspection that are, in fact, likely consistent with a foreign object entanglement. Nonetheless, through their manipulation of the front wheel and front fender stay, Plaintiffs deprived the Domestic Defendants' of an opportunity to fully inspect the subject bicycle in its true post-accident condition, as it is impossible for the Domestic Defendants physically evaluate exactly how the bending of the front fender stay and scratches on the spokes intersected in their true post-accident condition and whether the same were consistent with a foreign object entanglement.

Put simply, through the manipulation of crucial parts of the subject bicycle that are essential to Plaintiffs' claims, Plaintiffs have spoliated crucial evidence to this case and significantly prejudiced the Domestic Defendants by depriving them of a fair opportunity to fully prepare their defense. Indeed, although Plaintiffs are correct that Mr. Mitchell testified that "the physical evidence was unmistakable", that testimony is mischaracterized, as Mr. Mitchell immediately thereafter clarified:

> I do point out that my opinions are based on what I saw in the bicycle.·So the condition that I saw the bike in, which I would call a fully assembled condition that was the basis for my analysis ….·What I wouldn't be able to explain is if I were

> presented with the bicycle as depicted in Mr. Skelton's photo,
> then I would be at a loss to explain how that occurred based on
> what I can see in that photo.·But the bicycle and the condition
> that I saw it in, yes, my opinions are as expressed in this report.

(Garrick Mitchell Deposition, p. 25:10-25; 26:1-10).[3] Accordingly, such changes constitute spoliation that significantly prejudices the Domestic Defendants and warrants the severe sanction of dismissal with prejudice or, alternatively, the exclusion of Plaintiffs' expert. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005) (reversing district court's failure to impose spoliation sanctions and dismissing case for the plaintiff's spoliation of vehicle in product liability case); *see also Oil Equip. Co. Inc. v. Mod. Welding Co. Inc.*, 661 F. App'x 646, 659 (11th Cir. 2016) (affirming dismissal of case for the plaintiff's spoliation of oil tank in product liability case); *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 302 (11th Cir. 2009) (affirming exclusion of the plaintiffs' expert testimony as sanction for spoliation of boat housing in product liability case); *AMLI Residential Properties, Inc. v. Georgia Power Co.*, 293 Ga. App. 358, 362 (2008) (affirming spoliation sanction excluding the plaintiff from introducing evidence of alleged cause of fire).

---

[3] Mr. Mitchell further opined that Plaintiffs' claim photograph has insufficient resolution and coverage to permit a full analysis. (Doc. 99-20, p. 9).

**3.** <u>**Relief Requested**</u>

    A)    <u>Plaintiffs</u>

No relief is necessary, as there has been no evidence of prejudice to Defendants, nor is there any evidence of bad faith. Should the Court consider sanctions against Plaintiffs, Plaintiffs request that Defendants be required to file a formal motion for sanctions and that a full briefing be permitted.

    B)    <u>Domestic Defendants</u>

The Domestic Defendants respectfully request that the Court sanction Plaintiffs for spoliation of evidence by dismissing Plaintiffs' case with prejudice. In the alternative, the Domestic Defendants request that the Court sanction Plaintiffs by entering an order excluding Plaintiffs' expert's opinions and precluding Plaintiffs from introducing evidence as to the condition of the manipulated front wheel, front fender stay, and front wheel's quick release.

Respectfully submitted this 22nd day of April, 2022.

/s/ Mark L. Stuckey
(By MFB w/ express permission)
Mark L. Stuckey
Georgia Bar No. 271020

**Kaufman Law, P.C.**
12 Beck Street NW
Atlanta, Georgia 30318
Telephone: (404) 355-4000
ms@kaufmanlawfirm.com

*Attorney for Plaintiffs*

/s/ Michael F. Burgess
Paul L. Fields, Jr.
Georgia Bar No. 003420
Michael F. Burgess
Georgia Bar No.: 909541

**Fields Howell, LLP**
1180 W. Peachtree Street NW
Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 214-1250
Facsimile: (404) 214-1251
pfields@fieldshowell.com
mburgess@fieldshowell.com

*Attorneys for Defendants Action
Traders, LTD., Infinité Cycle Works,
Ltd, and Costco Wholesale
Corporation*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAYLEY SKELTON and TYLER SKELTON,<br><br>        Plaintiffs,<br><br>v.<br><br>ACTION TRADERS, LTD.; COSTCO WHOLESALE CORPORATION; INFINITÉ CYCLE WORKS, LTD.; TIANJIN GOLDEN WHEEL X-D BICYCLE CO. LTD.; and HANGZHOU JOY KIE IND. & TRAD. CO. LTD.<br><br>        Defendants. | CIVIL ACTION NO.:<br>1:19-cv-02825-JPB |

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B. This document was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted this 22nd day of April, 2022.

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>1180 W. Peachtree Street NW<br>Suite 1600<br>Atlanta, GA 30303<br>Telephone:  (404) 214-1250<br>Facsimile:  (404) 214-1251<br>Email:      pfields@fieldshowell.com<br>            mburgess@fieldshowell.com | */s/ Michael F. Burgess*<br>Paul L. Fields, Jr.<br>Georgia Bar No.: 003420<br>Michael F. Burgess<br>Georgia Bar No.: 909541<br><br>*Attorneys for Defendants Action Traders, LTD., Infinité Cycle Works, Ltd, and Costco Wholesale Corporation* |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HAYLEY SKELTON and TYLER SKELTON,<br><br>      Plaintiffs,<br><br>v.<br><br>ACTION TRADERS, LTD.; COSTCO WHOLESALE CORPORATION; INFINITÉ CYCLE WORKS, LTD.; TIANJIN GOLDEN WHEEL X-D BICYCLE CO. LTD.; and HANGZHOU JOY KIE IND. & TRAD. CO. LTD.<br><br>      Defendants. | CIVIL ACTION NO.: 1:19-cv-02825-JPB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **CONSOLIDATED JOINT DISCOVERY DISPUTE STATEMENT** with the Clerk of Court using the CM/ECF system which will electronically notify all counsel of record.

Respectfully submitted this 22nd day of April, 2022.

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>1180 W. Peachtree Street NW<br>Suite 1600<br>Atlanta, GA 30303<br>Telephone: (404) 214-1250<br>Facsimile: (404) 214-1251<br>Email:    pfields@fieldshowell.com<br>          mburgess@fieldshowell.com | /s/ Michael F. Burgess<br>Paul L. Fields, Jr.<br>Georgia Bar No.: 003420<br>Michael F. Burgess<br>Georgia Bar No.: 909541<br><br>*Attorneys for Defendants Action Traders, LTD., Infinité Cycle Works, Ltd, and Costco Wholesale Corporation* |